IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL C. JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>EL CERRITO POLICE DEPARTMENT, et al.,<br><br>          Defendants. | Case No. C 15-2207 PSG (PR)<br><br>**ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED** |

Michael C. Johnson, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis is a separate order. For the reasons stated below, the court serves the complaint on Defendants Chi Lee and Mario Guzman of the El Cerrito Police Department.

**I.  DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] Johnson has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

Case No. C 15-2207 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Johnson's Claim

On December 27, 2012, Johnson was at the Chevron gas station in El Cerrito, where his girlfriend worked.  Johnson and his girlfriend were arguing when El Cerrito police officers arrived "to a domestic dispute."  Johnson states that there was a weapon at the scene, but it was not used or pointed at the police officers.  The police officers pulled their weapons and fired them, hitting Johnson multiple times.  Liberally construed, Johnson states a cognizable claim of excessive force.

To the extent Johnson names the El Cerrito Police Department as a defendant, it is DISMISSED with leave to amend.  Local governments are "persons subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort; however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.[6]  To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

Case No. C 15-2207 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

2

1  right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy
2  amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is
3  the moving force behind the constitutional violation.[7]  As currently pled, Johnson has not stated a
4  cognizable claim against the El Cerrito Police Department.  If Johnson believes that he can state
5  a cognizable claim against the El Cerrito Police Department, he may amend his complaint within
6  thirty days.

## II.  CONCLUSION

The court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a Magistrate Judge consent form, and a copy of this order to **Chi Lee and Mario Guzman** at **El Cerrito Police Department**.

The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this order to the El Cerrito City Attorney at 10890 San Pablo Ave., El Cerrito, CA 94530. Additionally, the Clerk shall mail a copy of this order to Johnson.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of Johnson, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the

---

[7] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).
Case No. C 15-2207 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than sixty (60) days from the date the waiver is sent, defendants shall file one comprehensive motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. At that time, defendants shall also submit the Magistrate Judge's consent form.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Fed. R. Civ. P. 56. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

4. Johnson's opposition to the dispositive motion shall be filed with the court and served on defendants no later than twenty-eight (28) days from the date defendants' motion is filed. Johnson is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than fourteen (14) days after Johnson's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by Johnson with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

8. It is Johnson's responsibility to prosecute this case. Johnson must keep the court

1  and all parties informed of any change of address and must comply with the court's orders in a
2  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
3  pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: 9/17/2015

PAUL S. GREWAL
United States Magistrate Judge

Case No. C 15-2207 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED
5